IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 10-0262-WS |
| | ) | |
| DAVID GEORGE SCOTT SIDELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's motion for transfer of venue. (Doc. 18). The government has filed a response and the defendant a reply, (Docs. 20, 23), and the motion is ripe for resolution.

The defendant is charged in a one-count indictment with violating 18 U.S.C. § 2250(a), in that he was required to register under SORNA, traveled in interstate commerce, and knowingly failed to register as required by SORNA. The defendant was convicted of a sex offense in Illinois. Prior to his release, he was advised of the legal requirement that he register in Illinois as a sex offender within three days of his release. He did not so register but left Illinois and traveled to various states before being arrested in this District on an unrelated charge several weeks after his release, leading to the discovery of his violation of Section 2250.

"Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Crim. P. 21(b). Such decisions are committed to the discretion of the trial court,[1] and the burden is on the moving defendant.

---

[1] *United States v. Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982); *United States v. Celaya-Garcia*, 583 F.2d 210, 211 (5th Cir. 1978).

[1]

*E.g., In re: United States*, 273 F.3d 380, 389 (3rd Cir. 2001); *United States v. Ghilarducci*, 220 Fed. Appx. 496, 504 (9th Cir. 2007).

The parties agree that the relevant failure to register occurred in Illinois. (Doc. 18 at 3; Doc. 20 at 2).[2] The defendant asserts that "[t]he documents, witnesses and all information relevant to [his] registration status are located in Peoria, Illinois …." (Doc. 18 at 3). The defendant identifies no relevant documents located in Illinois, and the government responds that any such documents that it offers will be certified and presented here. (Doc. 20 at 3). The defendant posits that the government will rely on multiple Illinois witnesses, (Doc. 18 at 4), but the government says most of its witnesses are within this District. (Doc. 20 at 2-3). The defendant's mere ipse dixit furnishes no ground for concluding that the location of documents and the government's witnesses weighs in favor of transfer.

The defendant's primary argument is that he has a possible affirmative defense of "uncontrollable circumstances," 18 U.S.C. § 2250(b), as to which his mother, stepfather and grandmother, as well as unidentified law enforcement officials, are "potential witnesses." (Doc. 18 at 4; Doc. 23 at 3). But counsel concedes he is operating only on information received from the defendant, which has not been confirmed and corroborated, (Doc. 18 at 4), nor made known to the Court. There is thus no basis for concluding that the defendant has any relevant witnesses in Illinois. *See United States v. Testa*, 548 F.2d 847, 857 (9th Cir. 1977) (defendant did not carry his Rule 21(b) burden when he did not "indicate specifically who [his proposed] witnesses were to be or the nature of their expected testimony, other than to state that they were character witnesses").

---

[2] They also agree that venue is nevertheless proper in this District because an element of the crime is travel in interstate commerce, which occurred, inter alia, when the defendant entered this District. *See* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

In his reply brief, the defendant lists a number of factors to be considered in weighing a motion under Rule 21(b). (Doc. 23 at 1-2). Although attributed to the Supreme Court, that Court did not actually adopt this listing but merely reported what the parties and lower court had agreed upon. *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964). As far as the Court can determine, neither the Supreme Court nor the Eleventh Circuit has adopted the *Platt* listing as controlling. Moreover, by raising these factors only in his reply brief, the defendant has deprived the government of its right to respond to the defendant's arguments.

At any rate, the *Platt* factors do not warrant transfer in this case. The location of witnesses and documents has already been addressed. The location of the defendant and counsel is here, so these factors weigh against transfer. The defendant has no business to be disrupted, and there is no evidence or argument that either the relative accessibility of the place of trial or the docket condition of each docket favors transfer. That leaves the defendant to rely on the location of the events in issue, expense to the parties, and special considerations.

The defendant's failure to register occurred in Illinois, but his interstate travel (also an element of the offense) occurred in Alabama. The defendant asserts his non-registration is in issue while his travel is not, (Doc. 23 at 3), but he has already conceded that he was required to register, that he was instructed regarding registration requirements, and that that he did not register, (Doc. 18 at 2), so these facts are not truly in issue. And without supporting witnesses, which the defendant has yet to demonstrate exist, there is no issue whether he failed to register due to uncontrollable circumstances.

The defendant posits that transfer will save the government money by reducing witness travel and lodging expenses, (Doc. 23 at 4), but the government says most of its witnesses are here, not in Illinois, (Doc. 20 at 3), which means that these expenses would increase, not decrease, were transfer ordered.

As for special considerations, the defendant notes that he has no connection to this District save his arrest, which means that, come conviction or acquittal, he will eventually

be deposited into a community with which he has no ties. (Doc. 23 at 4-5). If acquitted, of course, the defendant will be free to leave the District. If convicted but released on a term of supervised release, he presumably can have supervision transferred to another district. That a transfer of supervision is not a "right," (*id*. at 4), does not make it unlikely. The Court will not transfer this case from a proper venue merely to guard against the theoretical possibility the defendant may someday be subject to supervision here against his wishes.

One thing more is worth noting. The defendant argues that Rule 21(b) does not allow the Court to consider the convenience of the government. (Doc. 23 at 2). The defendant relies for this proposition on a case discussing Rule 18 (location of trial within a given district), not Rule 21(b). The latter rule "accords weight not just to the convenience of the defendant, but to the convenience of all 'parties and witnesses,'" including "the 'convenience' of the government." *United States v. Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982). The government asserts that this is a more convenient forum, (Doc. 20 at 2), and the defendant cannot meet its burden of justifying transfer simply by calling the government's interest legally illegitimate.

For the reasons set forth above, the motion for transfer of venue is **denied**.

DONE and ORDERED this 21st day of January, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE